O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CARLOS DIAZ, *et al*, | § | |
| | § | |
| Appellants, | § | |
| v. | § | CIVIL ACTION NO. 5-10-74 |
| | § | |
| GEORGE STONE, *et al*, | § | |
| | § | |
| Appellees. | § | |

## OPINION AND ORDER

Pending before the Court is Appellees' Joint Motion to Dismiss Appeal. [Dkt. No. 39]. Having carefully considered the relevant law, the record before the Court, and the motions filed by each party, Appellee's motion to dismiss is hereby **GRANTED**.

## I.   BACKGROUND AND RELEVANT HISTORY

STFG, Inc. ("STFG") entered into four distinct partnership agreements to establish and develop four different real estate ventures (referred to collectively as "the Ventures"). [Dkt. No. 38 at 7].[1]  In each of the Ventures, STFG partnered with either Jamie Carrillo ("Carrillo"), N&I Garza Family, L.P., or both. [*Id.*].  In connection with the ventures, STFG executed five promissory notes ("the Notes"); one made payable to Jose Leonides Alvarado and Nestor Garza, one made payable to N&I Garza Family, L.P., and three made payable to Nestor Garza, with a notation that Nestor Garza would be the payee on behalf of N&I Garza Family, L.P.. [Dkt. No. 38 at 8].  Carlos Diaz ("Diaz"), as principal of STFG, signed four of the five Notes as an individual guarantor. [*Id.*].

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." or "Dkt. Nos." (plural) will be used to refer to filings in civil case 5:10-cv-74.

Nestor Garza filed suit in state court against STFG and Diaz seeking to enforce payment on one or more of the Notes. [Dkt. Nos. 35 at 2; 38 at 8]. STFG and Diaz responded by filing affirmative defenses, asserting that one or all of the Notes were usurious. [Dkt. Nos. 35 at 2; 38 at 9]. Just prior to a trial on the state court claims, STFG filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code, which stayed the state court claims involving STFG, the debtor in the bankruptcy case. [Dkt. No. 38 at 9]. The bankruptcy case was later converted to a Chapter 7 bankruptcy and George Stone was appointed as trustee. [Dkt. No. 38 at 9]. Trustee George Stone filed a Motion for Approval of Compromise and Settlement Agreement ("Settlement Agreement") with the bankruptcy court ("Judge Steen"). [Dkt. Nos. 35 at 3; 38 at 10].

The terms of the Settlement Agreement conveyed three lots from one of the Ventures to trustee George Stone, who would then sell the lots and use the proceeds to satisfy STFG's debts to its creditors. [Dkt. No. 35 at 3]. The Settlement Agreement also provided that the parties to the bankruptcy proceedings (STFG and Nestor Garza) "shall mutually release each other from all existing and future causes of action arising from or related to" the bankruptcy and state court proceedings. [*Id.*]. Further, the Settlement Agreement provided that trustee George Stone would convey all of STFG's interest in the Ventures to Nestor Garza, Jr. [*Id.*]. The Settlement Agreement also stated that the terms of the agreement did not affect any debts that Diaz, as guarantor of the Notes, owed to Garza or Carrillo. [*Id.*].

Following an evidentiary hearing on the motion to approve the Settlement Agreement, Judge Steen entered an Order Approving the Settlement Agreement ("the Order"). [Dkt. Nos. 35 at 4; 38 at 11]. Diaz appealed the Order. [Dkt. No. 1].

## II.  ANALYSIS

As an appellate court reviewing the decision of a bankruptcy court, this Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Matter of McDaniel*, 70 F.3d 841, 842-842 (5th Cir. 1995).

In their Appellant's Brief in Support of Appeal, Diaz and some of the unsecured creditors of STFG ("Appellants") assert that trustee George Stone based his approval of the Settlement Agreement on insufficient evidence and, consequently, that trustee George Stone did not produce enough evidence in the evidentiary hearing to carry the trustee's burden of showing that the Settlement Agreement was fair and equitable. [Dkt No. 35 at 6-7]. Appellants argue that the state claims for usury that Diaz and STFG are making against Garza were not properly investigated by the trustee George Stone. [Dkt. No. 35 at 6-10]. Appellants maintain that the value of these claims could potentially exceed the $150,000 that all parties agree is the value of the three lots conveyed to the trustee to settle the bankruptcy claims. [*Id.*]. Further, Appellants argue that Judge Steen abused his discretion when he decided that the Settlement Agreement was fair based on the allegedly insufficient evidence presented by trustee George Stone. [Dkt. No. 35 at 9].

Trustee George Stone and the Garzas ("Appellees") have responded to Appellants' claims by filing a Joint Motion to Dismiss Appeal wherein they claim that the record on appeal, as provided by Appellants, is inadequate for this Court to properly evaluate

Appellants' claims. [Dkt. No. 39]. Appellees have also filed an Appellees' Brief [Dkt. No. 38] that answers the claims asserted by Appellants in their Appellants' Brief in Support of Appeal. [Dkt. No. 35]. Because the Court will not be evaluating the specific arguments laid out in Appellants' claims, the Court will limit its analysis to an evaluation of Appellants' standing and the argument presented in Appellees' Joint Motion to Dismiss Appeal.

*Standing*

In his oral ruling at the evidentiary hearing, Judge Steen questioned whether Diaz and the unsecured creditors of STFG who were objecting to the Settlement Agreement had standing to object. [Dkt. No. 29-2 at 29]. This Court likewise questions whether Diaz and the objecting unsecured creditors, herein the Appellants, have standing to appeal Judge Steen's ruling.

Whether a plaintiff has standing "is the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In the Fifth Circuit, bankruptcy courts limit appellate standing to those who are aggrieved by the order of the bankruptcy court. *In re Coho Energy Inc.* 395 F.3d 198, 202 (5th Cir. 2004). The "person aggrieved" test is a higher bar than the traditional constitutional test for standing. *Id*.. "Because bankruptcy cases typically affect numerous parties, the "person aggrieved" test demands a higher causal nexus between act and injury; appellant must show that he was "directly and adversely affected pecuniarily by the order of the bankruptcy court" in order to have standing to appeal." *Id*. at 202-203. Moreover, it is the would-be Appellant that bears the burden of alleging facts sufficient to prove that it is an appropriate party to appeal. *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.* 32 F.3d 205, 208 (5th Cir. 1994).

Notwithstanding Judge Steen's admonishment in his oral ruling, Appellants have not even broached the issue of standing. Diaz has identified himself as a principal shareholder of

STFG, a personal guarantor on the Notes, and a defendant in the state court proceedings, but he has not alleged that any of those roles make him an appropriate party to appeal this case. [Dkt. Nos. 1-1 at 1; 35 at 1,2]. Furthermore, the Settlement Agreement makes clear that it does not affect any debt owed by Diaz. As to the other appellants, the unsecured creditors, Judge Steen pointed out that neither they nor Diaz have even filed claims in the bankruptcy case. [Dkt. No. 29-2 at 5]. Simply put, Appellants have not even alleged that they have been harmed, let alone drawn a causal nexus between Judge Steen's decision and any such harm.

Appellants have plainly failed to show that they are "directly and adversely affected pecuniarily" by Judge Steen's decision to approve the settlement agreement. The fact that Appellants have failed to meet their burden on the standing issue is enough to dismiss this appeal. Nonetheless, out of an abundance of caution, the Court will also discuss the issue upon which Appellees base their Joint Motion to Dismiss Appeal.

*Incomplete Record on Appeal*

Appellants urge that Judge Steen's ruling that the Settlement Agreement was just and fair is unsupported by the evidence presented at the bankruptcy hearing. Appellants have asked this Court to consider whether Judge Steen had all of the facts necessary to evaluate the state court usury claims and whether Judge Steen's decision was based on sufficient evidence. [Dkt. No. 3 at 3]. As evidence that Judge Steen did not have all of the facts and consequently based his decision on insufficient evidence, Appellants offer, in part, two excerpts from the transcript of the evidentiary hearing; namely, a transcript of the testimony of trustee George Stone and a transcript of Judge Steen's oral ruling. [Dkt. No. 3 at 2].

"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." FED. R. APP. P. 10(B)(2). The burden of creating a complete record is placed on the appellant in order "to provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal." *In the matter of: CPDC, Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). "The failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal." *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990).

It is clear from Judge Steen's oral ruling that the evidence on which the Judge based his decision was not limited to the evidence presented in trustee George Stone's testimony. For instance, Judge Steen begins his decision by stating that he found the testimony of a "Ms. Palacios" "very convincing." [Dkt. No. 35-2 at 11]. Judge Steen goes on to mention the evidence presented in Ms. Palacios' testimony no less than four times in his decision. [Dkt. No. 35-2 at 11, 13, and 14]. Notwithstanding Judge Steen's dependence on Ms. Palacios' testimony in his oral ruling, Appellants have not provided this Court with Ms. Palacios' testimony. Thus, it is readily apparent that Appellants have not provided this Court with "a transcript of *all evidence relevant* to" Judge Steen's finding that the Settlement Agreement was just and fair. Without such a transcript, this Court cannot thoroughly evaluate Judge Steen's decision.

## III.   CONCLUSION

Because Appellants have not met their burden of showing that they have standing to appeal Judge Steen's decision and because Appellants have failed to meet their burden of creating a complete record, the Court **GRANTS** Appellee's motion to dismiss the appeal.

IT IS SO ORDERED.

DONE this 17th day of May, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE